UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KENNETH JACKSON,

                              Plaintiff,          9:06-CV-0761
                                                               (GLS)(GHL)

        v.

JAMES BOWEN, Sheriff; CORLISS NORMILE, Commissary Operator,

                              Defendants.

APPEARANCES:

KENNETH JACKSON
Plaintiff, *pro se*

GARY L. SHARPE, DISTRICT JUDGE

## DECISION and ORDER

**I. Background**

      The Clerk has sent to the Court a civil rights complaint submitted for filing by Kenneth Jackson. Dkt. No. 1. Jackson is presently incarcerated at Downstate Correctional Facility. Dkt. No. 5. Jackson has also filed an *in forma pauperis* application and an inmate authorization form. Dkt. Nos. 2, 6.

      The claim set forth in the complaint arises from state taxation of items purchased at New York state prison commissaries. Dkt. No. 1.

      For the reasons stated below, Jackson's complaint is dismissed

pursuant to 28 U.S.C. § 1915(e) and Rule 12(h)(3) of the Federal Rules of Civil Practice.

## II. Discussion

Consideration of whether a pro se plaintiff should be permitted to proceed *in forma pauperis* is a two-step process. First, the Court must determine whether the plaintiff may commence the action without prepaying, in full, the $350.00 filing fee. The Court must then consider whether the causes of action stated in the complaint are frivolous or malicious or if they fail to state a claim upon which relief may be granted.

In the present case, the Court has determined that Jackson has satisfied the first test because his affidavit sets forth sufficient economic need. Dkt. No. 2.

The Court must now consider whether the case should be dismissed pursuant to 28 U.S.C. § 1915(e). Section 1915(e) directs that when a plaintiff seeks to proceed *in forma pauperis*, the Court:

> (2) [S]hall dismiss the case at any time if the court determines that -
> \*\*\*
> (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the Court's responsibility to determine that a complaint may properly be maintained in the District before it may permit the plaintiff to proceed with his or her action *in forma pauperis*. *Id.*

Federal courts are courts of limited jurisdiction whose power is limited strictly by Article III of the Constitution and congressional statute. A District Court must dismiss an action whenever it appears that the Court lacks jurisdiction of the subject matter of the claims asserted. Fed.R.Civ.P. 12(h)(3). Lack of subject-matter jurisdiction is properly raised, *sua sponte*, by the Court. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 107 (2d Cir. 1997) (A district court may raise the issue of subject matter jurisdiction *sua sponte*.).

The Tax Injunction Act, 28 U.S.C. § 1341 (hereinafter "the Act"), states that "the district courts shall not enjoin, suspend, or restrain the assessment, levy or collection of any tax under State law where a plain, speedy, and efficient remedy may be had in the courts of such State." The Act has been held to prohibit "declaratory as well as injunctive relief." *California v. Grace Brethren Church*, 457 U.S. 393, 411 (1982). The Act has "been extended to civil rights actions brought pursuant to § 1983 through the principles of

comity." *Vjg Realty Corp. v. New York*, No. 89-CV-1648, 1990 WL 80036, *2 (S.D.N.Y. June 7, 1990). The principles of comity also extend the effect of the Act to damage actions. *Id.* "The Second Circuit has determined that New York provides taxpayers with several remedies affording them the opportunity to raise all constitutional challenges thereto, and that access to the federal courts is therefore barred by the Act and the principles of comity." *Sanzotta v. Williams*, No. 98-CV-0730, 1998 WL 274848, *2 (N.D.N.Y. May 27, 1998).

Jackson is requesting monetary damages based on the assessment of New York state sales tax. Dkt. No. 1. The District Court is prohibited from asserting subject-matter jurisdiction over this claim by the Act.

## III. Conclusion

For the reasons stated above, the pleading, as presented to this Court, cannot be supported by any arguable basis in law and must therefore be dismissed pursuant to 28 U.S.C. § 1915(e).[1]

WHEREFORE, it is hereby

ORDERED, that Jackson's complaint is dismissed pursuant to 28 U.S.C.

---

[1] Although "the usual practice is to allow leave to replead a deficient complaint, *see* Fed.R.Civ.P. 15(a); *see also Ronzani v. Sanofi, S.A.*, 899 F.2d 195, 198 (2d Cir. 1990), such leave may be denied where amendment would be futile, *see Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (per curiam) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.")." *Price v. Hasly*, No. 04-CV-0090S, 2004 WL 1305744, *2 (W.D.N.Y. June 8, 2004).

4

§ 1915(e), and it is further

ORDERED, that in light of the ruling on the complaint filed herein, Jackson's request to proceed *in forma pauperis* is denied as moot, and it is further

ORDERED, that the Clerk serve a copy of this Order on Jackson by regular mail.

IT IS SO ORDERED.

October 30, 2006

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge